**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

_____

**J.R.**,

      Plaintiff,

v.                                                                    Case No.:

**MICHAEL HANSEN**, in his
Official Capacity as Director of
the Agency for Persons with
Disabilities,

      Defendant.

_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1.      Plaintiff, J.R., brings this action to redress violations of his Due Process rights

guaranteed by the Fourteenth Amendment to the United States Constitution.  J.R. is

diagnosed with mild mental retardation.[1]  On October 26, 2004, J.R. was involuntarily

committed to residential services pursuant to Florida's law governing civil commitment of

persons with developmental disabilities:  Section 393.11 of the Florida Statutes.  Florida law

does not provide for any type of periodic review for individuals committed pursuant to

Section 393.11 of the Florida Statutes.  As a result of this omission, the continued

---

[1] The developmental disabilities community encourages use of the term "intellectual disability" in lieu of "retardation" or "mental retardation."  *See* R.L. Schalock et al., *The Renaming of 'Mental Retardation:' Understanding the Change to the term 'Intellectual Disability,'* 45 Intellectual and Developmental Disabilities 116, 116-24 (2007); *see also* Pub. Law. 111-256, § 1, Oct. 5, 2010, 124 Stat. 2643 ("Rosa's Law").  For purposes of consistency, since the state of Florida uses the term "retardation" in law, that term will be used for purposes of this complaint.

appropriateness of J.R.'s involuntary commitment has never been reviewed by the committing court.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution and the laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to redress for civil rights violations under 42 U.S.C. §§ 1983 & 1988.

3.      This Court has jurisdiction over claims seeking declaratory relief and injunctive relief pursuant to 28 U.S.C. §§ 2201 & 2202.

## VENUE

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) and N.D. Fla. Loc. R. 3.1 because a substantial number of the events and omissions giving rise to J.R.'s claims occurred in the District.

## PARTIES

5.      Plaintiff, J.R., a person with mental retardation, has been involuntarily committed to residential services pursuant to Section 393.11 of the Florida Statutes.  J.R. has never received any periodic review of his continued need for involuntary confinement to residential services.

6.      Defendant, Michael Hansen, is the Director of the Agency for Persons with Disabilities ("APD").  APD is the state agency responsible for all services provided to persons with developmental disabilities under Chapter 393 of the Florida Statutes.  Fla. Stat. § 20.197.  As the director of APD, Defendant is responsible for the custody and care of all those committed under Section 393.11 of the Florida Statutes, including the adoption and

implementation of any policies related to that commitment.  Defendant Hansen is sued in his official capacity for the purposes of declaratory and injunctive relief.

## FACTS

7.      J.R. is a person with mental retardation.

8.      On May 23, 2003, a petition was filed to seek the involuntary commitment of J.R. pursuant to Section 393.11 of the Florida Statutes which governs the involuntary commitment of persons with developmental disabilities in Florida.

9.      On October 12, 2004, a hearing was convened in the Twentieth Judicial Circuit in Lee County, Florida to determine whether J.R. was in need of involuntary commitment pursuant to Section 393.11 of the Florida Statutes.

10.     Once a person is committed pursuant to the authority of Section 393.11 of the Florida Statutes, the person's commitment will continue until the court, which retains jurisdiction throughout the commitment, releases the individual from the order.  Fla. Stat. § 393.11(11).  Thus, the commitment order is of indefinite duration.  *Id.*

11.     At the time of the hearing, the court found that:

    a. J.R. is a person with mental retardation;

    b. Placement in a residential setting was the least restrictive and most appropriate alternative to meet J.R.'s treatment and supervision needs; and

    c. As a result of J.R.'s mental retardation,

        i. He lacked sufficient capacity to consent to a voluntary application for services from the state agency responsible for the care of persons with developmental disabilities, and lacked basic survival or self-care skills to such a degree that close supervision and habilitation in a residential setting

3

was necessary and, if not provided, could have resulted in a threat of

substantial harm to his well-being; or

    ii.   J.R. was likely to physically injure himself or others if allowed to remain

at liberty.

12.    Based on the court's findings at the October 12th hearing, on October 26, 2004, the court ordered J.R. into the custody and care of the Department of Children and Families ("DCF") and required J.R. to live in residential services pursuant to Section 393.11 of the Florida Statutes.  Due to the reorganization of DCF, J.R. is currently committed to the custody and control of the APD. [2]

13.    Since 2005, in compliance with his commitment order, J.R. has and continues to reside at various residential settings in Florida.

14.    Currently, J.R. resides at Positive Images Group Home in Gainesville, Florida.

15.    If J.R. attempts to move out of the group home into an independent living arrangement of his choice, then he will violate the commitment order.

16.    Section 393.11of the Florida Statutes does not provide for any type of periodic review for individuals involuntarily committed pursuant to its authority.[3]

---

[2] All responsibilities under DCF's developmental services program, including persons committed pursuant to Section 393.11 of the Florida Statutes were transferred to APD when the Florida legislature created APD in 2004.  *See generally*, The Florida Legislature's Office of Program Policy Analysis and Government Accountability, *The Department of Children and Families and the Agency for Persons with Disabilities Have Improved Their Working Relationship, but Several Problems Remain*, October 12, 2009; *see also* Fla. Stat. § 20.197.  Thus, upon the transfer of responsibilities, Defendant inherited the responsibility for the custody and care of J.R. while J.R. is under the authority of the commitment order.  *Id.*

[3] Florida's parallel civil commitment statute for persons with mental illness requires that individuals who have been involuntarily committed to inpatient or outpatient mental health services receive adversarial reviews, at a minimum, every 6 months by an administrative hearing officer.  Fla. Stat. §§ 394.4655(6)(b)(1) & (7) and 393.467(7).  Thus, the state of Florida has

17.     In the seven years that J.R. has been committed, the committing court has not reviewed the commitment order for its continued appropriateness.

18.     Periodic review of J.R.'s involuntary commitment order would be used to determine if the basis for J.R.'s continued commitment continues to exist.

19.     Although J.R.'s mental retardation will always exist, his potential for dangerousness or harm to self or others can change.

20.     Additionally, J.R. can develop skills that mitigate the effect of his disability and aid him in his ability to live independently.

21.     J.R.'s commitment order does not contain a definite end date, and J.R. will continue to live under its demands until the committing court determines that it is no longer necessary.  *See* Section 393.11(11), Fla. Stat.

## CLAIM FOR RELIEF – VIOLATION OF DUE PROCESS CLAUSE

22.     At all times herein, Defendant acted under the color of state law.

23.     Involuntary civil commitment pursuant to Section 393.11 of the Florida Statutes is a deprivation of a constitutionally protected liberty interest, and as such, implicates Due Process protections guaranteed by the Fourteenth Amendment to the United States Constitution.

24.     Due Process requires that, as a result of J.R.'s involuntary commitment under Section 393.11 of the Florida Statutes, he receive state-initiated periodic, judicial review of his commitment order.

---

identified value and interest in providing a periodic adversarial review process to individuals with mental illness who are involuntarily committed.

25.     Due to the failure of Florida state law to provide for periodic review of involuntary commitment orders issued pursuant to Section 393.11 of the Florida Statutes, J.R.'s rights protected by the Due Process Clause have and continue to be violated.

26.     J.R. has no adequate remedy at law.

27.     J.R. also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing Plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

WHEREFORE, J.R. respectfully requests that this Court:

1.     Issue a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that failure to provide state-initiated periodic, judicial review of involuntary commitment orders issued pursuant to Section 393.11 of the Florida Statutes violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  In addition, declare that the state-initiated periodic, judicial review shall incorporate the following procedures in order to comport with the Due Process Clause:

   a.   Notification of right to counsel and appointment of counsel if indigent; and

   b.   Review conducted by a neutral and detached decision-maker who possesses the authority to afford relief if such grounds exist.

2.     Issue a permanent injunction that requires Defendant to adopt policies and procedures to ensure that clients, like J.R., who are committed to Defendant's care and custody pursuant to Section 393.11 of the Florida Statutes, receive state-initiated periodic, judicial review of the involuntary commitment.

3.     Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.   Grant such other and further relief as this Court deems just and proper.

                                        RESPECTFULLY SUBMITTED,

                                        /s/ Katherine DeBriere
                                        Katherine DeBriere
                                        Fla. Bar No.:  58506

                                        Peter Sleasman
                                        Fla. Bar No.:  367931

                                        Florida Institutional Legal Services, Inc.
                                        14260 W. Newberry Rd., Ste. #412
                                        Newberry, FL 32669-2765
                                        (352) 375-2494 (telephone)
                                        (352) 331-5202 (facsimile)
                                        kdebriere@filsinc.org
                                        psleasman@filsinc.org

                                        **ATTORNEYS FOR PLAINTIFF**

Dated:  August 25, 2011